■ In the Matter of the BAR ASSOCIATION OF NASSAU COUNTY, N. Y., INC., Petitioner. JAMES M. O'CONNELL, an Attorney, Respondent. — Motion by petitioner to confirm report of an Official Referee, to whom the matter was referred to hear and report. About 1946 respondent became interested in a corporation known as Hicksville Sand Company, Inc., and in 1948 in a corporation known as Preferred Transmix Concrete, Inc. He was treasurer of both corporations. Between 1952 and 1954 the income tax liability of respondent and the two corporations was under investigation by the Internal Revenue Service. About December 5, 1954 there was a reassessment of such liability. On December 8, 1954 the amount demanded was paid (except as to one item, with respect to which there is an appeal now pending), in addition to approximately $23,000 in interest and $70,000 in penalties. No mention of any possible criminal prosecution had ever been made at the time that this civil liability was paid. Three months later, three criminal informations were filed against respondent in the United States District Court for the Eastern District of New York charging that he had violated subdivision (b) of section 145 of the Internal Revenue Code (U. S. Code, tit. 26, § 145, subd. [b]) in that (1) he, with two others, had filed false and fraudulent income tax returns for Preferred for 1950, 1951, and 1952, (2) he, with another, had filed false and fraudulent income tax returns for Hicksville for 1948 and 1949, and (3) he had filed false and fraudulent joint income tax returns for himself and his wife for 1948 and 1949. (Two other counts in the latter information were dismissed.) On March 29, 1956 respondent pleaded guilty to all three informations, was fined $15,000 on the first, $10,000 on the second, and $10,000 on the third. In addition, respondent was sentenced to be imprisoned for 18 months on each of the two counts of the third information, execution of the sentence was suspended, and he was placed on probation for one year on each of the two counts, to run concurrently. The fines were paid. Filing false and fraudulent income tax returns are felonies under Federal law but misdemeanors under State law. Respondent co-operated fully with the Federal Government during the investigation and audit of the returns. The Official Referee has found that the income tax returns were false, but were not fraudulent, and that respondent was not guilty of moral turpitude in connection with the commission of the crimes. He has recommended that respondent be severely censured and suspended from the practice of the law for three months. Under the special facts and circumstances present herein,

the motion is in all respects granted, the respondent is hereby severely censured and he is hereby suspended from the practice of the law for a period of three months from the date of the entry of the order hereon. Present — Nolan, P. J., Wenzel, Beldock, Hallinan and Kleinfeld, JJ.